**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY LAW,<br><br>               Plaintiff,<br>v.<br><br>VIRTUS PARTNERS HOLDINGS, LLC, FIDELITY NATIONAL INFORMATION SERVICES, INC. (d/b/a FIS), JOSEPH ELSTON, JOHN AND JANE DOES 1-100,<br><br>               Defendants. | Civil Action No. 22-2329-GC-DEA<br><br>**OPINION** |

**CASTNER, District Judge**

    THIS MATTER, having come before the Court on Defendants Virtus Partners Holdings, LLC, Fidelity National Information Services, Inc. (d/b/a FIS), and Joseph Elston's Motion for relief under Federal Rule of Civil Procedure ("Rule") 60(a) (ECF No. 39) filed in connection with the Court's Memorandum Opinion and Order entered on February 27, 2023 (ECF Nos. 32, 33) denying Defendants' Motion to Dismiss (ECF No. 7); and

    WHEREAS, Plaintiff opposed Defendants' Motion (ECF No. 41), and Defendants did not file reply papers; and

    WHEREAS, Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The rule "is limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'" *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005); *see Stradley v. Cortez*,

518 F.2d 488, 493 (3d Cir. 1975) (holding that Rule 60(a) did not apply to a "mistake" that was not truly a "clerical error"); and

WHEREAS, in their Motion to Dismiss, Defendants relied on a Texas choice-of-law provision in an "Updated Terms of Employment" document (*see* ECF No. 8), which Defendants inadvertently did not file with their original motion but filed the following day; and

WHEREAS, in denying Defendants' Motion to Dismiss, the Court ruled that discovery is necessary to determine which state's law governs Plaintiff's claims (ECF No. 32 at 6); and

WHEREAS, Defendants now argue that the Court's February 27 Memorandum Opinion evinces that the Court did not review the subsequently filed "Updated Terms of Employment" document (ECF No. 39-1 at 7); and

WHEREAS, Defendants' arguments focus on the substance of the Court's Memorandum Opinion and Order, making relief under Rule 60(a) inappropriate, because there was no clerical error that resulted in the Court's Memorandum Opinion and Order failing to reflect its decision; and

WHEREAS, the Memorandum Opinion quotes the Texas choice-of-law provision, making clear that the Court considered the relevant portion of the subsequently filed document, albeit through Defendants' briefing (*see* ECF No. 32 at 2 ("This employment agreement contained a Texas choice of law provision. (Defs.' Moving Br. 3 ('Your employment and terms of this letter agreement shall be governed by Texas Law.'), ECF No. 7-1.)")); and

WHEREAS, citation to or review of Defendants' subsequently filed exhibit to its Motion to Dismiss (ECF No. 8) does not change the Court's finding that "the choice-of-law analysis is premature at the pleading stage and cannot be properly evaluated until after the factual record has been developed" (ECF No. 32 at 7); therefore,

Defendants' Motion for Relief under Rule 60(a) is **DENIED**. An appropriate order follows.

Dated: May 10, 2023

GEORGETTE CASTNER, U.S.D.J.